# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 14-106 |
| | ) | |
| SHARIF PHELPS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Defendant Sharif Phelps ("defendant") is in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institute Danbury ("FCI Danbury"). Pending before the court is defendant's "motion for judicial recommendation concerning the length of RRC/halfway house placement." (ECF No. 691.) For the reasons set forth in this memorandum opinion, defendant's motion will be denied, but the court has no objection to the BOP granting him the placement he requests.

"It is beyond question that the BOP is authorized to designate the place of a prisoner's imprisonment." United States v. Harris, Crim. Action No. 02-385, 2004 WL 350171, at *1 (E.D. Pa. Feb. 10, 2004) (citing 18 U.S.C. § 3621(b)). The BOP is granted that discretion because it is in the *best position* to evaluate whether a prisoner meets the requirements for placement in a specific facility under BOP Policy Statement 7310.04. The court reviewed Exhibit A to defendant's motion, which includes: (1) an inmate summary re-entry plan progress report; (2) a custody classification form; and (3) a sentence monitoring computation data report. (ECF No. 691-1 at 1.) Defendant should be commended for enrolling in six courses while incarcerated (ECF No. 691-1 at 2), participating in the BOP's Residential Drug Abuse Program (id. at 3), and not having any incident reports while incarcerated (id.). Defendant should also be commended for his positive

attitude and desire to live a law-abiding life. (ECF No. 691 ¶¶ 24-30.) This court, however, is not in the best position to evaluate whether defendant meets the requirements set forth by the BOP to qualify for placement in a halfway house halfway house or residential reentry center; rather, the BOP is in the best position to make that determination.[1] The court, therefore, will not recommend to the BOP that defendant be permitted to serve twelve months of his sentence in a halfway house or residential reentry center, but will not object to his request to do so. In consideration of defendant's motion, however, the court will send a letter to Warden D.K. Williams of FCI Danbury to request that the BOP review defendant's file to determine if he qualifies for placement in a halfway house or other residential reentry center.

An appropriate order will be entered.

By the court,

Dated: September 6, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge

Cc:

Attorneys of record via CM/ECF

Sharif Phelps
Register No. 70051-050
Federal Correctional Institution
33 ½ Pembroke Road
Danbury, CT 06811

---

[1] According to defendant, the BOP will review him for placement in a halfway house or other residential reentry center seventeen to nineteen months prior to his projected release date, which, according to defendant, is March 6, 2021. (ECF NO. 691 ¶¶ 16, 18.) In other words, the BOP will conduct a review of defendant in or around August 6, 2019, to October 6, 2019. The court's request for the BOP to review defendant's file may, therefore, be moot.